UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Hardy Lee Salters, Jr., | ) | C/A No. 8:25-cv-10425-BHH-WSB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Terri Wallace, | ) | |
| | ) | |
| Respondent.[1] | ) | |
| | ) | |

Hardy Lee Salters, Jr. ("Petitioner"), proceeding *pro se*, brings this action seeking a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Petitioner is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"). When he commenced this action, Petitioner was confined at the Kirkland Reception and Evaluation Center ("KCI") in Columbia, South Carolina. *Id*. at 1. According to the SCDC Inmate Search, Petitioner was transferred to the Trenton Correctional Institution ("Trenton") on August 11, 2025. *See* https://public.doc.state.sc.us/scdc-public/ (search by Petitioner's first and last name) (last visited Aug. 18, 2025).

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons below, this action is subject to summary dismissal.

---

[1] Although Petitioner names Warden Terri Wallace at KCI as the Respondent, the Court notes Petitioner has been transferred to Trenton Correctional Institution. As such, the Court will direct the Clerk to substitute on the docket the Warden at Trenton for Warden Terri Wallace, as a prisoner's custodian is the only proper Respondent in a habeas corpus action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).

## BACKGROUND

**Allegations from the Petition**

Petitioner commenced this action by filing a Petition for writ of habeas corpus on the standard form seeking relief pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner alleges that he was sentenced on May 14, 2025, in the Spartanburg County Court of General Sessions. *Id.* at 1. Petitioner contends he is challenging how his sentence is being carried out, calculated, or credit by prison officials based on an SCDC determination of good time credits on May 15, 2025. *Id.* at 2. Plaintiff alleges that he did not appeal this determination other than to submit a Request to Staff on July 1, 2025, to Warden Terri Wallace at KCI. *Id.* at 2, 5. Plaintiff alleges he did not receive any response or answer. *Id.* at 5.

Petitioner asserts the following grounds in this federal habeas action:

> **GROUND ONE**: [SCDC] failure to award or apply good time "jail credits" pursuant to South Carolina Code Annotated 24-13-40.
>
> *Supporting Facts*: SCDC has yet to calculate jail credits from December 2, 2024, to February 11, 2025, and March 11, 2025, to May 13, 2025, when I was in Spartanburg County jail on current charges. If SCDC appl[ies] those jail credits, I would be entitled to immediate release from custody.

*Id.* at 6. Petitioner contends that prison authorities have failed to make administrative remedy forms available in the housing unit, despite Petitioner's repeated requests. *Id.* at 7. For his relief, Petitioner asks the Court to:

>  Order Respondent/SCDC to credit time serve pursuant to S.C. Code Ann. § 24-13-40 and immediate release Petitioner from custody without any further delay, and grant any other relief to Petitioner deemed just and proper.

*Id.* at 18.

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012).[2] Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Because Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). However, even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

3

that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## **DISCUSSION**

This action is subject to summary dismissal because Petitioner has failed to exhaust his state court remedies. Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Here, Petitioner challenges the execution of his sentence—i.e., the calculation of his sentence via good time credits—rather than the legality of his sentence, and he purports to do so under 28 U.S.C. § 2241.[3]

---

[3] Two statutes potentially provide Petitioner an avenue for federal habeas relief—28 U.S.C. § 2241 and 28 U.S.C. § 2254. Under § 2241, a federal court may issue a writ of habeas corpus to a state prisoner if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). Similarly, under § 2254, a federal court may issue a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Although circuit courts are split on whether § 2241 or § 2254 is the proper statute under which a state inmate should proceed when challenging the execution of his state sentence, "[t]he majority view is that § 2254 is the *exclusive* vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction. . . . The Fourth Circuit noted the split of authority in *Gregory v. Coleman*, [218 F. App'x 266 (4th Cir. 2007)], but does not appear to have taken a definitive stance to date." *Cranford v. Warden, Manning Corr. Inst.*, No. 6:12-cv-00590-JMC-KFM, 2012 WL 5986771, at *1 (D.S.C. Mar. 21, 2012), *R&R adopted by* 2012 WL 5986744 (D.S.C. Nov. 29, 2012) (emphasis added) (citations omitted); *see also Hao Qing Zhan v. Wilson*, No. 8:12-cv-03052-RBH, 2013 WL 4500055, at *5 (D.S.C. Aug. 19, 2013) (collecting cases). Many courts within this District have "held that prisoners who are in custody under a state court judgment, like Petitioner here, may not resort to § 2241 in an attempt to circumvent the procedural requirements of § 2254 such as the statute of limitations and the restrictions on second or successive petitions." *Alston v. Warden, Lieber Corr. Inst.*, No. 6:07-cv-2724-RBH, 2008 WL 5115044, at *3 (D.S.C. Dec. 4, 2008); *see also Harley v. South Carolina*, No. 9:07-cv-1750-DCN-GCK, 2007 WL 2579444, at *2 (D.S.C. Sept. 4, 2007) (Petitioner "cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing an action purporting to be a § 2241 petition."); *Sabb v. South Carolina*, No. 9:06-cv-1943-RBH,

However, prior to bringing a habeas action in the district court, a petitioner must exhaust his state court remedies. "Exhaustion is statutorily required by 28 U.S.C. § 2254; whereas, when a petition for writ of habeas corpus is brought by a state prisoner pursuant to 28 U.S.C. § 2241, the exhaustion of state remedies is a judicially created requirement."[4] *Clayton v. Doby*, C/A No. 8:16-cv-2851-RBH-JDA, 2016 WL 5419456, at *2 n.3 (D.S.C. Aug. 22, 2016), *R&R adopted by* 2016 WL 5390333 (D.S.C. Sept. 27, 2016). "The exhaustion requirement is 'grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" *Washington v. Cartledge*, No. 4:08-cv-4052-PMD, 2010 WL 1257356, at *1 (D.S.C. Mar. 29, 2010) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). As the Fourth Circuit Court of Appeals has explained, "a federal habeas court may consider only those issues which have been 'fairly presented' to the

---

2008 WL 701387, at *2 (D.S.C. Mar. 13, 2008) (collecting cases) ("Because Petitioner is in custody pursuant to a state court judgment . . . his habeas corpus petition [is] properly construed as a § 2254 petition."); *Mason v. Ozmit*, No. C/A 3:09-cv-0841-MBS, 2009 WL 3617594, at *2 (D.S.C. Oct. 28, 2009) ("To challenge a conviction or the sentence imposed, as Petitioner does in this case, a state prisoner must file for habeas relief under 28 U.S.C. § 2254."). Other courts within this District, however, have considered similar claims under § 2241. *See, e.g., Johnson v. Joyner*, C/A No. 1:16-cv-1532-MGL-SVH, 2016 WL 3344394, at *2 (D.S.C. May 31, 2016), *R&R adopted by* 2016 WL 3199315 (D.S.C. June 9, 2016). The Court will assume, without deciding, that Petitioner can bring the present challenge to the calculation of his sentence under § 2241. However, whether the Petition is treated as one under § 2241 or § 2254, it fails for the same reason—Petitioner has failed to exhaust his state court remedies. *See Hunter v. S.C. Dep't of Corr.*, C/A No. 4:08-cv-2174-CMCTER, 2008 WL 4458963, at *2 (D.S.C. Sept. 29, 2008) ("[B]efore Plaintiff may proceed with his sentence miscalculation habeas corpus claim [whether brought under § 2241 or § 2254] in this Court, he must first exhaust his State *administrative* remedies available through the SCDC grievance process, and then he must fully exhaust his State *court* remedies as provided through the SCAPA.").

[4] The exhaustion of state court remedies is required by 28 U.S.C. § 2254(b)(1)(A), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1); *Straws v. Padula*, No. 4:09-cv-009-HFF-TER, 2009 WL 691190, at *2 (D.S.C. Mar. 16, 2009).

5

state courts." *Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997) (instructing that, "to satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.") (citations omitted). "Furthermore, while failure to exhaust administrative remedies is an affirmative defense, a district court may raise exhaustion sua sponte and summarily dismiss a § 2241 petition without prejudice if failure to exhaust is plainly apparent from the face of the petition." *Taylor v. Warden, Satellite Prison Camp at Edgefield, S.C.*, C/A No. 2:16-cv-01826-RBH, 2017 WL 359497, at *2 (D.S.C. Jan. 25, 2017). A state prisoner seeking habeas relief ordinarily "must exhaust his remedies in state court" and must "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999).

"As for § 2241, despite the absence of an exhaustion requirement in the statutory language of § 2241(c)(3), a body of case law has developed holding that, while § 2241 establishes jurisdiction in the federal courts to consider habeas corpus petitions, a petitioner must exhaust his state remedies before filing a federal habeas petition, and federal courts should abstain from the exercise of that jurisdiction if the issues raised in a § 2241 petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner in an administrative proceeding, at trial, or on appeal." *Austin v. Watts*, C/A No. 9:13-cv-216-MGL-BM, 2013 WL 1686304, at *3 (D.S.C. Jan. 29, 2013), *R&R adopted by* 2013 WL 1686463 (D.S.C. Apr. 18, 2013). Thus, "[e]ven if the Petitioner could bring this action under 28 U.S.C. § 2241, it would be dismissed as un-exhausted. A writ of habeas corpus under 28 U.S.C. § 2241 can be sought only after the petitioner has exhausted his state court remedies." *Mason v. Ozmit*, C/A No. C/A 3:09-cv-0841-MBS, 2009 WL 3617594, at *2 (D.S.C. Oct. 28,

2009); *see also Praylow v. Warden of Kershaw Corr. Inst.*, C/A No. 0:11-cv-407-TLW-PJG, 2012 WL 405687, at *1 (D.S.C. Jan. 17, 2012) ("'Before a state prisoner can seek federal habeas relief under § 2241, he must first exhaust any *state court remedies* that may be available."), *R&R adopted by* 2012 WL 405685 (D.S.C. Feb. 8, 2012).

South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of an SCDC decision from the South Carolina Administrative Law Court ("SCALC").[5] *See Al–Shabazz v. State of South Carolina*, 527 S.E.2d 742, 750 (S.C. 2000); *see also Slezak v. South Carolina Dep't of Corr.*, 605 S.E.2d 506, 507 (S.C. 2004). These issues include situations where an inmate is disciplined and punishment is imposed, or when an inmate believes that prison officials have erroneously calculated his sentence, sentence-related credits, or custody status. *Sullivan v. South Carolina Dep't of Corr.*, 586 S.E.2d 124, 126 (S.C. 2003); *Al–Shabazz*, 527 S.E.2d at 750. Pursuant to the South Carolina Administrative Procedures Act ("APA") and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the SCALC may seek judicial review from the

---

[5] On the other hand, to exhaust state court remedies in South Carolina from a criminal conviction or sentence a different process applies. First, a direct appeal may be pursued. *See State v. Northcutt*, 641 S.E.2d 873 (S.C. 2007). If a direct appeal was filed and is ultimately unsuccessful (or if no direct appeal was filed), a petitioner may file a PCR application in a court of common pleas. *See* S.C. Code § 17-27-10, *et seq*. (1976); *see also Miller v. Harvey*, 566 F.2d 879, 880–81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy). If a South Carolina prisoner's PCR application is denied or dismissed by a court of common pleas, a petitioner can file a request for writ of certiorari with a South Carolina appellate court. *See* S.C. Code § 17-27-100; *Knight v. State*, 325 S.E.2d 535 (S.C. 1985). In fact, if a petitioner's PCR application is denied by a court of common pleas, the petitioner must seek appellate review in the state courts or federal collateral review of the grounds raised in his PCR application may be barred by a procedural default. *See Longworth v. Ozmint*, 377 F.3d 437, 447–48 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the state's established appellate review process by presenting the ground for relief in a face-up and square fashion).

South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court. *See* S.C. Code Ann. § 1-23-610; Rule 242, SCACR. Accordingly, Petitioner's exhaustion of state remedies begins with the administrative grievance procedure of SCDC and review by the SCALC as outlined in *Al–Shabazz*, with appeal to the state appellate courts. *Al–Shabazz*, 527 S.E.2d at 752–57 (discussing the application of the APA and the review process); Rule 203(b)(6), SCACR; *see also* S.C. Code Ann. § 1-3-610(A)(1).

Here, Petitioner's allegations indicate he has not exhausted these state court remedies. Critically, "Petitioner fails to allege that he has filed any motions in state court concerning the issues presented in this case." *Dixon v. Dir., Spartanburg Cnty. Jail*, C/A No. 1:13-cv-1215-TMC, 2013 WL 3050249, at *3 (D.S.C. June 14, 2013). Petitioner asserts he filed a Request to Staff grievance form, but he explains he did not otherwise seek to address his claim in the state courts. ECF No. 1 at 2–5. "[T]here is no indication that [Petitioner] filed an action with the SCALC challenging the grievance determination (or further appealed the SCALC's decision)." *Wise v. Nelson*, C/A No. 6:22-cv-00836-JD-KFM, 2022 WL 2251140, at *2 (D.S.C. Apr. 18, 2022), *R&R adopted by* 2022 WL 2239859 (D.S.C. June 21, 2022). The publicly available dockets for the South Carolina appellate courts also do not reflect any attempt by Petitioner to challenge the ruling by the SCALC. *See* South Carolina Appellate Case Management System, https://ctrack.sccourts.org/public/publicActorSearch.do (search by Petitioner's SCDC inmate number) (last visited Aug. 18, 2025).

As such, the Petition is subject to dismissal on the basis that it is premature. *See, e.g., Bennett v. MacDougall*, C/A No. 8:11-cv-01437-TMC, 2012 WL 768127, at *1 (D.S.C. Mar. 7, 2012) (summarily dismissing petition for failing to exhaust and noting that "before a state prisoner can seek federal habeas relief under § 2241, he must first exhaust any state court

remedies that may be available") (discussing exhaustion of state court remedies and collecting cases); *Gilliard v. Taylor*, C/A No. 14-cv-2749-TMC, 2015 WL 4095627, at *7 (D.S.C. July 6, 2015) ("A state prisoner is generally barred from obtaining federal habeas relief unless he has properly presented his or her claims through one complete round of the State's established appellate review process."); *Thompson v. Warden Lee Corr. Inst.*, C/A No. 6:24-cv-05489-JFA-KFM, 2024 WL 5187995, at *2 (D.S.C. Nov. 13, 2024) (dismissing habeas action by state inmate seeking to challenge his sentencing calculation where he failed to seek remedy in the state appellate courts), *R&R adopted by* 2024 WL 5186892 (D.S.C. Dec. 20, 2024). For these reasons, the instant Petition is subject to summary dismissal without prejudice.

Petitioner has also filed a Motion for expedited review of the Petition. ECF No. 3. Because the Court finds that the Petition is subject to dismissal for failure to exhaust state court remedies, the Motion should be found as moot.

## RECOMMENDATION

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice and without requiring the Respondent to file an answer or return.[6] Additionally, Petitioner's Motion to Expedite (ECF No. 3) should be found as moot.

s/William S. Brown<br>United States Magistrate Judge

August 18, 2025
Greenville, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

---

[6] Petitioner cannot cure the deficiencies noted herein at this time; however, dismissal without prejudice is recommended because the Court of Appeals has held that dismissals for lack of subject-matter jurisdiction must be without prejudice. *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).